# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>NATIONWIDE JANITORIAL SERVICES, INC.,<br><br>Respondent. | Case No. Misc. 18-96 ODW (MRW)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Otis D. Wright II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**SUMMARY OF RECOMMENDATION**

1. This is a subpoena enforcement action involving the U.S. Equal Employment Opportunity Commission. The Commission is investigating

allegations of sex discrimination and retaliation at a janitorial services company. The specific allegations focus on company personnel who worked at a limited set of locations in Southern California. However, the Commission's subpoena seeks information regarding employees at other locations in the state.

2. The Court concludes that the Commission's subpoena is relevant to the agency's investigation. The Commission possesses evidence suggesting a broader pattern of misconduct at the company, including actions at another California job site, that may warrant a broader investigation. It also is expressly investigating class-based allegations. This renders contact information about other employees relevant to the matter. As a result, the Court recommends that the petition to enforce the agency's subpoena be granted.

**FACTS AND PROCEDURAL HISTORY**

3. Three female employees at Nationwide Janitorial Services complained to the Commission. They alleged that they had been sexually harassed and assaulted by a male supervisor at their job site in a local mall. The women also alleged that another employee / supervisor threatened to retaliate against them due to their complaints. The charges filed with the agency broadly contend that the complainants "believe that other female employees" have been harassed due to their sex. (Docket # 1-2 at 3-4; 1-4 at 2.)

4. In the course of the Commission's investigation, NJS voluntarily disclosed information about additional allegations of supervisorial misconduct. (Docket # 1-7 at 6-8.) Based on this information and the allegations from the three complainants, the Commission is investigating "class allegations in violation of Title VII." (Docket # 1-12 at 9 (EEOC Determination on Petition to Revoke Subpoena).)

5. The Commission requested that the company provide the names, contact information, and additional data for all NJS employees in California for

1  a multi-year period.  (Docket # 1-10 at 4.)  As outlined in the parties'
2  submissions, the company objected to these requests (first as an investigative
3  Request for Information (Docket # 1-8), then as an administrative subpoena
4  (Docket # 1-10)).  The Commission itself denied NJS's administrative request
5  that the subpoena be revoked.  (Docket # 1-12.)

6.  This federal action followed.  The Commission seeks enforcement of its subpoena.  The agency contends that its subpoena was lawfully issued and seeks information relevant to its ongoing investigation.

7.  In response, NJS argues that the subpoena is overbroad based on the employer's recitation of the facts of the matter.  The company explains that the supervisor involved in the specific conduct underlying the three original complaints worked at a limited number of identified job sites.  NJS does not object to providing contact information for employees at those locations.  The company also notes that it terminated the original harasser.

8.  However, the employer complains that there is an insufficient basis for the Commission to expand its investigation on a statewide basis beyond those locations.  NJS also argues that its disclosure of other incidents of misconduct cannot justify further investigation because the company "took prompt corrective action with respect" to those allegations.[1]  (Docket # 7 at 15.)  Notably, NJS does not assert (and confirmed at the hearing) that compliance with the Commission's subpoena would be an undue burden on the company.

---

[1]  In its papers and at the hearing on the application, the company also complains that inaccuracies in the original charging documents filed by the female victims undermine the Commission's investigation.  (Docket # 7 at 17.)  The company further claims that, when it deposed one of the complainants in a related civil action, it learned of additional suspected procedural irregularities with the original charges.  The Court does not have an adequate factual basis in the record to address these issues in the present agency subpoena enforcement action.

**LEGAL STANDARD**

9. The parties do not contest the governing legal standard for this Court to apply in evaluating a request to compel compliance with an EEOC subpoena. (Docket # 1-2 at 6; 7 at 12.) The key issues are "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence [sought by the agency's subpoena] is relevant and material to the investigation." EEOC v. Karuk Tribe Housing Auth., 260 F.3d 1071, 1076 (9th Cir. 2001); EEOC v. Federal Express Corp., 558 F.3d 842, 848 (9th Cir. 2009) (same).[2]

10. This standard renders the scope of a federal court's inquiry "quite narrow." Id. The Supreme Court recently stated that a court's role is "a straightforward one":

> A district court is not to use an enforcement proceeding as an opportunity to test the strength of the underlying complaint[.] Rather, a district court should "satisfy itself that the charge is valid and that the material requested is 'relevant' to the charge." [University of Pa. v. EEOC, 493 U.S. 182, 191 (1990).] It should do so cognizant of the "generous" construction that courts have given to the term "relevant." [EEOC v. Shell Oil Co., 466 U.S. 54, 68-69 (1984).]

McLane Co., Inc. v. EEOC, ___ U.S. ___, 137 S. Ct. 1159, 1165 (2017) (McLane I).

11. A district court's evaluation of the relevance requirement in a subpoena enforcement action can be a "fact-intensive, close call[.]" McLane I, 137 S. Ct. at 1168. For this reason, a district court's decision whether to enforce or quash an EEOC subpoena is "reviewed for abuse of discretion." Id. at 1164.

---

[2] The company does not raise any challenge to the subpoena based on the first two, procedurally-based components of this test. Rather, it focuses on the "relevance" component (discussed below). (Docket # 7 at 2.)

In making its determination regarding the potential relevance of information sought by an agency subpoena, a district court "need not defer to the EEOC's decision on that score." Id. at 1169.

12. On the other hand, an employer's complaints about the agency's need for certain evidence is not an appropriate basis for resisting an agency subpoena. "Congress has not left it to employers accused of discrimination to decide what evidence may be necessary for the EEOC to complete its investigation." EEOC v. McLane Co., Inc., 857 F.3d 813, 816 (9th Cir. 2017) (McLane II) (on remand after McLane I). "The very purpose of the EEOC's investigation" is to determine whether evidence of discrimination exists at the company; "the EEOC does not have to take [the employer's] word for it on that score." Id.

13. The "generous" construction of the term "relevant" entitles the Commission to access evidence that touches on "the charge under investigation. [ ] That limitation on the Commission's investigative authority is not especially constraining," and extends to "virtually any material that might cast light on the allegations against the employer." Shell Oil, 466 U.S. at 68-69. This is a "crucial" consideration regarding "the Commission's ability to investigate charges of systemic discrimination." Id. at 69. Federal law recognizes that such discrimination is "complex and pervasive," and may be "extirpated only with thoroughgoing remedies" including those administered by the EEOC. Id.

14. In McLane II, the Ninth Circuit held that a district court abused its discretion when it quashed a subpoena requiring a company to produce contact information for a large group of employees. The focus of the investigation was whether the employer used a strength test of physical capabilities that discriminated against employees on the basis of sex. The Ninth Circuit concluded that contacting "other [ ] employees and applicants who have taken

1  the test to learn more about their experiences" was potentially relevant to the
2  Commission's investigation of whether there was "a pattern or practice of
3  disparate treatment." McLane II, 857 F.3d at 815-16. "To pursue that path," the
4  agency needed contact information for those other individuals, "which is enough
5  to render the [ ] information relevant to the EECO's investigation." Id. at 816.

      15. Nevertheless, the Supreme Court reminds district courts that there are outer limits to the Commission's broad investigative powers. A court may not construe the Commission's investigative authority so broadly that the "relevance requirement" becomes "a nullity." Shell Oil, 466 U.S. at 69.

      16. In certain circumstances, a geographic- or subject-specific limitation to a subpoena may be appropriate based on a relevance determination. That is particularly likely where the underlying claim is "specific to [an employee's] experiences at [an identified] plant" or location. EEOC v. Quantum Foods, LLC, 2010 WL 1693054 at *4 (N.D. Ill. 2010) (partially quashing subpoena; "This is not a case in which those responsible for the alleged discrimination have responsibilities regarding other [ ] facilities."); see also EEOC v. United Air Lines, Inc., 287 F.3d 643 (7th Cir. 2002) (subpoena seeking records regarding "each and every benefit" provided to foreign-based employees not relevant to investigation involving specified, non-discriminatory benefit issue).[3]

**ANALYSIS**

      17. After a close analysis of the claims and issues involved in the Commission's investigation, the parties' submissions regarding the subpoena enforcement application, and the statements of the attorneys at the hearing, the

---

[3] An EEOC subpoena may also be quashed if it is "issued for an illegitimate purpose or is unduly burdensome" on its recipient. McLane I, 137 S. Ct. at 1165. As noted above, NJS does not challenge the agency subpoena owing to any undue burden.

Court exercises its discretion to conclude that the request for statewide employee data is relevant to the ongoing EEOC investigation.

18. The genesis of the investigation is readily apparent. Three women accused a supervisor at a local facility of considerable misconduct. The grievance filed with the EEOC suggests – without any corroborating detail, allegation, or evidence – that this misconduct is pervasive within the company. (Docket # 1-4 at 2.)

19. Without more, the Court might have difficulty in finding the relevance of requiring the production of information to the Commission for employees at other locations who were unlikely to have had interactions with the single individual tortfeasor. That is, interviews of employees in other parts of the state (with no apparent connection to the alleged harasser) would be unlikely to "cast light" on the allegations involving the sole named NJS supervisor. Shell Oil, 466 U.S. at 68-69.

20. But the Commission plausibly points to a broader investigation that it is conducting. The agency has evidence (apart from the vague boilerplate allegations in the original complaints) of incidents of additional potential discriminatory or violative conduct that go beyond the one-attacker-one-location allegations that commenced the investigation. The Commission is aware of other alleged misconduct at the local mall by individuals other than the perpetrator in the original actions. And there is information regarding an incident at an unrelated NJS location involving another employee / supervisor. (Docket # 1-7 at 6-8.)

21. That comes closer to the pattern / practice / class kind of investigation for which the EEOC is entitled to obtain broader evidence. Shell Oil, 466 U.S. at 68-69; McLane II, 857 F.3d at 815-16. Given the "generous construction" of the concept of relevance that this Court must apply, McLane I,

1  137 S. Ct. at 1165, the Court concludes that employee contact information is
2  relevant to the Commission's legitimate investigation.
3      22.   Further, the agency need not "take [NJS's] word" that: (a) it
4  reasonably handled the parallel allegations of misconduct; (b) the individuals at
5  issue worked only at specified locations;[4] or (c) the complainant's allegations are
6  faulty on their face; as bases for attacking the scope of the EEOC's
7  investigation. McLane II, 857 F.3d at 816. At this stage of the investigation, a
8  district court is not permitted to "test the strength" of the Commission's case on
9  these issues. McLane I, 137 S. Ct. at 1165.
10     23.   Moreover, the company offers no authority for its contention
11 (advanced at the hearing) that the Commission must somehow issue or amend
12 charges alleging wider misconduct before it may properly investigate those
13 claims. To the contrary, the agency is entitled to fully pursue its ongoing
14 investigation by seeking further relevant evidence by subpoena. McLane II,
15 857 F.3d at 816.

---

[4] For this reason, the company's requests for limitations per Quantum and United Air Lines cannot refute the potential relevance of the information sought by the agency subpoena.

**CONCLUSION**

The Commission properly issued a subpoena for records in its investigation of discrimination and misconduct at NJS. Based on the facts presented to date, the Court concludes that the requested information is relevant to the investigation. The subpoena should be enforced.

IT IS THEREFORE RECOMMENDED that the District Judge issue an order: (1) accepting the findings and recommendations in this Report; and (2) granting the application requiring compliance with the subpoena.

Dated: August 17, 2018

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE